USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NYU LANGONE HEALTH SYSTEM and
NYU LANGONE HOSPITALS,                               Civil Action No. 23 Civ. 5032

                Plaintiffs,                    **[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

      -against-

NORTHWELL HEALTH, INC.,

                Defendant.
------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned counsel for the parties, subject to the approval of the Court and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following Stipulated Protective Order be entered as follows:

      1.     For the purposes of this Stipulated Protective Order (the "Protective Order"), the terms "Party" or "Parties" shall mean the named parties to this lawsuit. "DISCOVERY MATERIAL" shall include all written, recorded, or graphic material in any form or medium, and any information or data contained therein, disclosed or produced to any Party in connection with this action in discovery or at trial, and any other information that any Party or any third party (the "Producing Party") discloses to another Party (the "Receiving Party"). DISCOVERY MATERIAL includes, without limitation, all items enumerated in Rule 26(a) and Rule 34(a) of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and deposition testimony, transcripts, and exhibits. DISCOVERY MATERIAL does not include publicly available documents.

      2.     All persons obtaining access to DISCOVERY MATERIAL shall use such material only in connection with this litigation, including preparation, settlement, trial, appeal, retrial, and

enforcement of any judgment, and shall not use any DISCOVERY MATERIAL for any other purpose.  In no event shall any person receiving access to a Producing Party's DISCOVERY MATERIAL on behalf of a Receiving Party use it for commercial or competitive purposes or make any public disclosure (other than as permitted in connection with this action) of the contents thereof.  This Protective Order shall not govern the use or disclosure by a party or other person of its own DISCOVERY MATERIAL.

3. The term "PROTECTED INFORMATION" shall mean DISCOVERY MATERIAL that is designated by a Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY.  Any materials labeled or testimony denoted with either of these designations and the information contained within those materials shall not be used by any Party, person, or nonparty entity except in accordance with the terms of this Protective Order.

4. The term "CONFIDENTIAL" shall refer to and include information that the Producing Party in good faith believes is subject to protection under Federal Rule of Civil Procedure 26(c) as containing nonpublic information, confidential information, proprietary business information, competitively or commercially sensitive information, or other information the disclosure of which, in the good faith judgment of the Producing Party, would be harmful to the conduct of the Producing Party's business or the business of any of the Producing Party's customers or clients.

5. The term "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall refer to and include CONFIDENTIAL information that the Producing Party deems to contain a trade secret or particularly sensitive non-public and confidential personal, proprietary, or

commercially sensitive information that the Producing Party reasonably and in good faith believes would create a substantial risk of serious harm that could not be avoided by less restrictive means.

  6.  PROTECTED INFORMATION shall be designated and marked as follows:

    (a)  *Documents and things:* All documents and things produced in this litigation may be designated as PROTECTED INFORMATION by placing the following legend, or an equivalent thereof, on any such document or thing prior to production, service, or filing: CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.  Where feasible, such legend shall be placed upon each page or thing containing PROTECTED INFORMATION, including each page of a TIFF image.

    (b)  *Optical/Digital Media:* Where PROTECTED INFORMATION is produced on optical or digital media (such as hard drive, DVD, CD-ROM, or USB drive), the media shall be marked with the appropriate confidentiality notice as described in the preceding paragraph.  To the extent any of the information or data contained in or on such media is printed by the Receiving Party, all such printouts shall be marked as described in the preceding paragraph by the Receiving Party.

    (c)  *Physical Exhibits:* The confidential status of PROTECTED INFORMATION in a physical exhibit shall be indicated by placing a label on said physical exhibit designating it as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY.

    (d)  *Deposition Proceedings:* Designations of portions, or the entirety, of deposition transcripts (including exhibits) as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be made by a statement to such effect on the record during a deposition, or upon review of such transcript by counsel for the Producing Party within fourteen (14) days after counsel's receipt of the final transcript from the Court Reporter.  Upon designation

of the transcript on the record during the deposition, only those persons allowed to have access to said CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information under the terms of this Protective Order may remain in the room during such portion of the deposition absent consent of the Producing Party. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY information and may furnish copies of these segregated portions only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Protective Order.

(e)     During the first fourteen (14) days after counsel's receipt of the final transcript from the Court Reporter, each deposition transcript shall be treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY. With regard to designations made within fourteen (14) days after receipt of the deposition transcript, counsel shall make such designations by sending written notice (email notice is sufficient) to the Court Reporter and to counsel for the parties. The notice shall reference this Protective Order and identify the pages and/or exhibits so designated. All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this Protective Order.

7.     Materials designated by a Producing Party as CONFIDENTIAL may be disclosed only to the following categories of persons who are acting for or on behalf of a Receiving Party and may only be reviewed and used in connection with this litigation:

(a)     counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

4

(b) the officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

(c) expert(s) (whether testifying or non-testifying) retained by a Party or counsel to the litigation so long as the expert has executed the Acknowledgement and Agreement to be bound by the terms of this Protective Order in the form attached hereto as **Exhibit A**;

(d) any actual or prospective person giving deposition testimony (and, for a nonparty, that nonparty's counsel) in connection with his or her preparation to testify in this action, except that such person may not retain any such designated information, and only if such person is (i) an individual who has had or who is eligible to have access to the PROTECTED INFORMATION by virtue of his or her past or current employment with the Producing Party, (ii) an individual identified in the PROTECTED INFORMATION as the author, addressee, or copy recipient of such information, or (iii) an individual, although not identified as the author, addressee, or copy recipient of such PROTECTED INFORMATION, who the party taking the deposition has established on the record as an individual who has, in the ordinary course of business, likely seen or knew such PROTECTED INFORMATION;

(e) the Court in this proceeding and Court personnel, Court Reporters and their staff, and any mediator agreed upon by the parties or ordered by the Court and persons employed by the mediator; and

(f) vendors retained to assist in the litigation by an attorney described in sub-paragraph (a) of this paragraph including, but not limited to, independent document copiers, electronic discovery consultants, graphic artists, and jury or trial consultants so long as a representative of the vendor has executed the Acknowledgement and Agreement to be bound by

5

the terms of this Protective Order in the form attached hereto as **Exhibit A**, and mock jurors who agree to keep PROTECTED INFORMATION confidential.

8.   Materials designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed only to the persons described in ¶¶ 7(a) and 7(c)-(f).  In addition, HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed to designated in-house counsel of a party pursuant to this paragraph (and legal assistants and clerical employees working under their supervision) to whom disclosure is reasonably necessary for this litigation.  Plaintiffs designate in-house counsel Annette B. Johnson and Joan Margiotta pursuant to this paragraph. Defendant designates Laurence Kramer, Lauren Campisi, and Barbara Morrissey pursuant to this paragraph.

9.   Where the consent of a Producing Party is required for disclosure under this Protective Order and that consent has been refused, the Producing Party refusing to consent will ensure that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

10.   For the persons described in ¶ 7(c) and ¶ 7(f) who must execute the ACKNOWLEDGMENT AND AGREEMENT ("ACKNOWLEDGMENT") annexed hereto as **Exhibit A**, a copy of this Protective Order shall be provided to such persons prior to receipt of any PROTECTED INFORMATION.  The signed ACKNOWLEDGMENT(S) shall be retained by counsel for the parties hereto and shall be available for inspection by the Court upon request. Similar acknowledgments shall be obtained and maintained with respect to PROTECTED INFORMATION materials provided by third parties.  The persons receiving materials designated PROTECTED INFORMATION are enjoined from disclosing such materials, or information contained therein, to any person, except in conformance with this Protective Order.

11. If any materials are obtained from any person or entity not a Party to this action, including, but not limited to, documents and deposition testimony, that person or entity shall have the same rights to designate any such materials as PROTECTED INFORMATION as a Party would have, and the use of those materials by the Parties shall be governed in all respects by this Protective Order. The terms "Party" or "Parties" used in this Protective Order shall be deemed to include any such nonparty to the extent necessary or appropriate to effectuate the terms of this paragraph. Each Party seeking discovery from any nonparty by subpoena shall serve a copy of this Protective Order along with the subpoena.

12. Each individual who receives any materials designated as PROTECTED INFORMATION hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violations of this Protective Order.

13. A Receiving Party shall not make any PROTECTED INFORMATION available to any person except as authorized under this Protective Order. Nothing contained in this Protective Order shall affect the right of the Producing Party to de-designate information previously designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY, provided notice of such a decision is promptly communicated to the Receiving Party.

14. Protests of the designation of PROTECTED INFORMATION will be addressed as follows:

(a) If a Receiving Party believes that material designated as PROTECTED INFORMATION by the Producing Party should not have been so designated or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Protective Order, then such Receiving Party shall provide to the Producing

Party written notice (email notice is sufficient) of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

(b)     If the Parties are unable to resolve their dispute within seven (7) days of the Receiving Party's written notice (email notice is sufficient) of disagreement (or some other time period as agreed by the Parties), then the Receiving Party challenging the designation may request appropriate relief from the Court.  It shall be the burden of the Producing Party to establish that the contested material is properly designated under this Protective Order.  In any event, unless and until a Court ruling is obtained changing a designation, or the Parties agree otherwise, the material involved shall be treated according to its designation.

15.     In the event anyone shall violate or threaten to violate the terms of this Protective Order, the Parties agree that the aggrieved Party may immediately ask the Court for injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order, and in the event the aggrieved Party shall do so, the respondent person, subject to the provisions of this Protective Order, shall not employ as a defense thereto the claim that the aggrieved Party possesses an adequate remedy at law.  The Parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

16.     Disclosure of Protected or Privileged Information.

(a)     If a Producing Party discloses to a Receiving Party any PROTECTED INFORMATION without designating it as PROTECTED INFORMATION, the Producing Party shall promptly upon discovery of such disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as PROTECTED INFORMATION under this Protective Order.  To the extent such document, thing, or information

may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make reasonable efforts to retrieve the PROTECTED INFORMATION promptly from such persons and to limit any further disclosure to non-authorized persons.

    (b) If a Producing Party discloses to a Receiving Party information that is privileged, protected under the work-product doctrine, or otherwise immune from discovery, said Producing Party producing said information shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no Party to this action shall thereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the Receiving Party will return such produced item or items of information and all copies thereof within seven (7) days of receiving a written request for the return of such item or items of information, or confirm in writing that any such items have otherwise been destroyed.  Furthermore, if a Receiving Party discovers that a Producing Party has produced to the Receiving Party information that appears to be privileged, protected under the work-product doctrine, or otherwise immune from discovery, the Receiving Party shall promptly upon discovery of such disclosure so advise the Producing Party in writing and return or otherwise destroy the information and all copies thereof within seven (7) days thereafter.  The Receiving Party having returned or destroyed such produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of such documents in accordance with the Federal Rules of Civil Procedure.

    (c) Submissions of PROTECTED INFORMATION to the Court shall only be as follows: when any PROTECTED INFORMATION is filed with the Court, it shall be filed under seal in accordance with the Local Rules of the United States District Courts for the Southern and

Eastern Districts of New York, the S.D.N.Y. Electronic Case Filing Rules & Instructions, and Judge Caproni's Individual Rules & Practices in Civil Cases, unless otherwise directed by the Court. The Parties shall negotiate terms governing the use of the PROTECTED INFORMATION at trial as part of the Joint Pretrial Order required under Judge Caproni's Individual Rules & Practices in Civil Cases.

17. This Protective Order is intended to regulate the handling of DISCOVERY MATERIAL and PROTECTED INFORMATION during the pretrial period of this litigation, but shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the Parties hereto or by order of the Court. Each Party hereto reserves the right to apply to the Court to modify the terms of this Protective Order if the Party reasonably believes that it is necessary. In the event such application is made, all persons described herein shall be bound by this Protective Order until it is modified by the Court. Any amendment to this Protective Order shall be reduced to writing.

18. This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person, nor obligate any party or person to provide any discovery to which it asserts objections.

19. None of the restrictions set forth in this Protective Order shall apply to any information which: (1) has been lawfully obtained by a Party before this Protective Order is entered; (2) was independently developed by the Receiving Party; (3) is acquired in good faith from a Party who has the right to make such disclosure and was not required to hold such information in confidence; or (4) was, is, or becomes public knowledge by means not in violation of the provisions of this Protective Order, and not involving wrongful disclosure by a third party or a Party to this action.

20.     If a subpoena or other compulsory process is received by a Party requesting such PROTECTED INFORMATION, the Party retaining the PROTECTED INFORMATION shall, to the extent legally permitted, object to the production of the PROTECTED INFORMATION based on the obligations of non-disclosure under this Protective Order and shall notify the Producing Party so that the Producing Party may intervene if it so chooses and seek protection of its PROTECTED INFORMATION in the forum that issued the compulsory process. If the Producing Party does not intervene and seek a protective order and notify the other Party within fourteen (14) days of being notified about the subpoena, the Producing Party may withdraw its objection and produce the requested material.

21.     All provisions of this Protective Order restricting the communication or use of PROTECTED INFORMATION shall continue to be binding after the conclusion of the litigation (including any appellate review), until a Producing Party agrees otherwise in writing or a court order otherwise directs. Upon conclusion of the litigation, a party in the possession of PROTECTED INFORMATION, other than that which is contained in pleadings, correspondence, motion papers, deposition/trial transcripts, and deposition/trial exhibits, shall either: (a) return such matter no later than sixty (60) days after conclusion of the litigation to counsel for the producing party; or (b) destroy such matter and certify in writing within sixty (60) days that the matter has been destroyed. Notwithstanding this provision, counsel for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain PROTECTED INFORMATION.

22. This Protective Order may be executed in any number of counterparts and shall constitute one agreement binding upon all patties thereto as if all parties signed the same document.

23. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that Party may deem appropriate.

---

Notwithstanding anything in the stipulation to the contrary, the parties will comply with this Court's individual rule 5 when filing materials that have been designated as confidential or highly confidential.

SO ORDERED.

October 17, 2023

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2023
New York, New York

| | |
|---|---|
| **REED SMITH LLP** | FRANKFURT KURNIT KLEIN & SELZ PC |
| By: /s/ /*Natsayi Mawere*<br>Natsayi Mawere<br>REED SMITH LLP<br>599 Lexington Avenue<br>New York, New York 10022<br>Tel: (212) 521-5400<br>Fax: (212) 521-5450<br>nmawere@reedsmith.com | By: /s/ *Kimberly M. Maynard*<br>Kimberly M. Maynard<br>Edward H. Rosenthal<br>Zoe Rachael Staum<br>Amanda B. Barkin<br>28 Liberty Street<br>New York, NY 10005<br>(212) 826-5524<br>erosenthal@fkks.com<br>kmaynard@fkks.com<br>zstaum@fkks.com<br>abarkin@fkks.com |
| Jennifer Y. DePriest (admitted *pro hac vice*)<br>REED SMITH LLP<br>10 South Wacker Drive<br>Chicago, IL 60606-7507<br>Tel: (312) 207-1000<br>Fax: (312) 207-6400<br>jdepriest@reedsmith.com | ***Attorneys for Defendant Northwell Health, Inc*** |
| Amy M. Kerlin (admitted *pro hac vice*)<br>REED SMITH LLP<br>225 Fifth Avenue<br>Pittsburgh, PA 15222-2176<br>Tel: (412) 288-3131<br>Fax: (412) 288-3063<br>akerlin@reedsmith.com | |

***Attorneys for Plaintiffs NYU Langone Health System and NYU Langone Hospitals***

**SO ORDERED.**

Dated: October 17, 2023
New York, NY

HON. VALERIE CAPRONI
United States District Judge

13

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NYU LANGONE HEALTH SYSTEM and
NYU LANGONE HOSPITALS,                         Civil Action No. 23 Civ. 5032

            Plaintiffs,                            **AGREEMENT TO BE BOUND BY**
                                                       **STIPULATED PROTECTIVE ORDER**
      -against-

NORTHWELL HEALTH, INC.,

            Defendant.
---------------------------------------------------------X

      I, _____, being duly sworn upon oath and based upon my person knowledge, depose and say that I have read the attached Stipulation and Protective Order concerning the exchange of PROTECTED INFORMATION in the above-identified action, understand it, and agree to be bound by its terms. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing the Stipulated and Protective Order and this Affidavit by contempt proceedings or other appropriate judicial remedies.

[Name of Affiant]

Sworn to before me this _____ Day of _____, 20___.

_____ Notary Public