# Frankfurt Kurnit Klein + Selz PC

**Kimberly Maynard**
28 Liberty Street, New York, New York 10005
T (212) 705-4853   F (347) 438-2193
kmaynard@fkks.com

January 17, 2024

**VIA ECF**

Magistrate Judge James L. Cott
United States Courthouse
500 Pearl Street – Room 1360
New York, New York 10007

      Re:   NYU Langone Health System and NYU Langone Hospitals
           v. Northwell Health, Inc., No. 23-cv-5032 VEC-JLC

Dear Judge Cott:

      We represent defendant Northwell Health, Inc. ("Northwell") and submit this letter jointly with counsel for plaintiffs NYU Langone Health Systems and NYU Langone Hospitals (collectively "NYU Langone") to request that the Court issue a stay of party and non-party depositions until the District Court decides Northwell's motion to dismiss (*See* Docket No. 26) and the pleadings in the case are finalized. The close of all fact discovery is currently set for April 12, 2024, and the expert discovery deadline is set for July 12, 2024. (*See* Docket No. 42.) To be clear, the parties are not requesting a stay of all discovery. The parties have been actively engaged in document discovery. Each party has produced thousands of documents and that process is ongoing as the February 9, 2024 deadline for substantial completion of document discovery approaches.

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may "for good cause," issue an order staying discovery in part or in full. Indeed, a "pending decision on a motion to dismiss may constitute 'good cause'" under the rule. *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). Additional considerations include "the breadth of discovery sought," "the burden of responding to it," and "the prejudice that would result to the party opposing the stay." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (Cott, J.) (citation and quotation marks omitted).

      Without arguing the strength of Northwell's pending motion, its disposition may impact some or all of NYU Langone's claims in the case. If the motion is granted in part or whole, NYU Langone is likely to seek to amend its complaint, at which point Northwell could file a second motion to dismiss or serve its answer, affirmative defenses and (possibly) counterclaims. The scope and nature of the case could look very different after issues are joined and all of the pleadings have been filed.

Hon. James L. Cott
January 17, 2024
Page 2

      A limited stay of deposition discovery will promote efficiency because it would prevent parties from having to conduct depositions before the scope of the case is finally determined. Each party is likely to seek the depositions of numerous party executives, including those involved in implementing advertising and marketing decisions and the financial impact thereof. In addition, it is quite likely that there will be depositions of non-party advertising and branding agencies. Simply put, it would be an unnecessary use of resources to require the depositions of both party and non-party witnesses when there is a strong likelihood that the same witnesses will need to be deposed a second time down the road once pleadings are finalized. *HAHA Global, Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 2020) (staying discovery pending a motion to dismiss, reasoning that "proceeding with discovery while the motion is pending would waste the parties' resources"); *Volmar Distribs., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 41-42 (S.D.N.Y. 1993) (granting a stay of discovery to avoid potential of duplicative depositions).

      Finally, a limited stay will not prejudice the parties, which jointly request this stay. While a limited stay of deposition discovery will inevitably "delay this lawsuit in certain respects," at this early "stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Gross v. Madison Square Garden Ent*., 2023 WL 6815052, at *2 (internal citations omitted). *See, e.g., Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-9330 (VMJ)(LC), 2018 WL 4938808, at *4 (S.D.N.Y. Oct. 11, 2018) (staying discovery pending motions to dismiss, "[t]his case is not even a year old and a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue"); *Spinelli v. Nat'l Football League*, No. 13-CV-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015).

      Accordingly, the parties respectfully request that only deposition discovery be stayed until such time as Northwell's pending motion has been decided and all of the pleadings in the case have been filed, and that the current deadlines for the close of fact and expert discovery be tolled until such time. At that point, the parties respectfully suggest that Your Honor convene a conference during which the deadlines for fact and expert discovery and any other pending matters can be determined.

      Thank you in advance for your consideration.

      Respectfully submitted,

      */s/ Kimberly M. Maynard*

      Kimberly M. Maynard

cc:    All Counsel (via ECF)