```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/25/2024
```

**ReedSmith**
Driving progress through partnership

**Natsayi Mawere**
Direct Phone: +1 212 549 4660
Email: nmawere@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

March 22, 2024

**VIA ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007



Re:  *NYU Langone Health System and NYU Langone Hospitals v. Northwell Health, Inc.*
     No.: 1:23-cv-05032

Dear Judge Caproni:

Pursuant to Section 5(b)(ii) of the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 5.2(d), Plaintiffs NYU Langone Health System and NYU Langone Hospitals (collectively, "NYU Langone") and Defendant Northwell Health, Inc. ("Northwell") respectfully request that the Court permit NYU Langone to publicly file a redacted version of the proposed amended complaint and the redline to the original complaint, pursuant to the Court's March 1, 2024 Opinion and Order [ECF No. 55] – with its concurrently-filed Motion for Leave to File a First Amended Complaint.  NYU Langone will file contemporaneously herewith the *Notice of Filing Exhibits Under Seal* with unredacted, non-public versions of the proposed amended complaint (attached thereto as Exhibit 1) and a redline to the original complaint in this action (attached thereto as Exhibit 2) in accordance with the Court's Individual Practices in Civil Cases and the Court's March 1, 2024 Opinion and Order.  Redacted versions of the proposed amended complaint and redline to the original complaint will be attached to the *Declaration of Natsayi Mawere in Support of Plaintiffs' Motion for Leave to File a First Amended Complaint*, which will also be filed contemporaneously herewith.

The proposed amended complaint and redline to the original complaint include a discussion of or reference to documents and information that Northwell produced in discovery in this matter that Northwell has designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the parties' Stipulated Agreed Protective Order [ECF Doc. No. 35] and agreed-upon protocol for the production of electronically-stored information.

Rule 5(b)(ii) of the Court's Individual Practices in Civil Cases states: "If a request to file a redacted document is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request to file the material in redacted form."  Here, on March 15, 2024, counsel for NYU Langone identified for Northwell specific documents (or portions thereof) by Bates number to which NYU Langone intends to refer in its proposed amended complaint, and asked Northwell's counsel to "indicate whether you require the information contained in these documents to be redacted, in which



The Honorable Valerie E. Caproni
March 22, 2024
Page 2

case we will prepare a joint letter to the Court requesting to file the redacted information in our amended complaint under seal."

On Wednesday, March 20, 2024, the parties met and conferred regarding whether Northwell required information from the identified documents to be filed under seal. During that call, counsel for NYU Langone further narrowed its request regarding the documents and information that NYU Langone intends to reference in its amended complaint. At issue is information contained in twenty documents that Northwell designated as confidential or highly confidential and produced to NYU Langone during the course of document discovery in this action prior to this Court's Order dismissing the Complaint.

Notwithstanding a presumption of public access, "documents may be kept under seal if 'countervailing factors' so demand," *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 124 (2d Cir. 2006). "Such countervailing factors include" among others, "'the privacy interests of those resisting disclosure.'" *Id*. at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995)). Courts in this District routinely authorize redactions where such a request is "narrowly tailored" and where a party's "privacy interests and the likely harm they may suffer" if proprietary information is revealed to their competitors is significant. *Playtex Prod., LLC v. Munchkin, Inc*., No. 14-cv-1308, 2016 WL 1276450, at *11, (S.D.N.Y. Mar. 29, 2016). Parties are especially likely to suffer significant harm where the revelation of "specific business information and strategies ... may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp*., 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted).

### *Northwell's Position Regarding Redactions*

It is Northwell's position that the documents identified by NYU Langone and their contents should remain confidential. Northwell dedicates significant resources to conducting competitive and consumer market research, developing advertising plans, creating strategic budgets, and implementing competitive strategies and winning decision-making processes. Disclosure of such confidential information developed by and pertaining to Northwell's advertising department will cause undue and irreparable competitive harm to Northwell serious enough to warrant protection. *Louis Vuitton Malletier S.A. v. Sunny Merch*. Corp., 97 F. Supp. 3d 485, 510-12 (S.D.N.Y 2015) (permitting redactions of marketing budgets, advertising and media plans, brand promotion strategies and policies, target demographics for advertising, and internal resources describing marketing strategies).

First, NYU Langone intends to reference or include in its proposed amended complaint Northwell's brand guidelines, future advertising and media plans, and marketing budgets. Public disclosure of this information would provide valuable insight for competitors to exploit. *See GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C*., 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (holding that "material concerning the defendants' marketing strategies . . .costs and budgeting" contain "highly proprietary material" and therefore may remain under seal); *Rensselaer Polytechnic Inst. v. Amazon.com, Inc*., No. 118-cv-00549, 2019 WL 2918026, at *5 (N.D.N.Y. June 18, 2019) (permitting redaction of defendant's sensitive information including marketing plans, a marketing strategy relating to a distinct program, and related emails). Northwell's marketing plans, research, and resources include comparative analysis of Northwell's competitors. Such comparative information is recognized by courts in this District

as sensitive business information that warrants protection. *See City of Providence v. BATS Glob. Markets, Inc.*, No. 14-cv-2811, 2022 WL 539438, at *3 (S.D.N.Y. Feb. 23, 2022) (sealing "internal presentation on market data strategy from July 2015" that contain "assessments of industry trends and dynamics, as well as analyses of [defendant's] revenue streams and products," and "peer comparison analyses and information on [defendant's] market data strategy, initiatives, and revenue potential going forward").

Second, NYU Langone intends to reference or incorporate in its proposed amended complaint a series of internal email communications and communications with Northwell's outside advertising agencies about specific Northwell advertisements, advertising campaigns, plans, and competitive strategies. These communications reveal Northwell's marketing priorities, strategies for maximizing impact of its advertising and marketing initiatives, internal processes, and future plans, and therefore warrant protection from public disclosure. *See In re Dreier LLP*, 485 B.R. 821, 823–24 (Bankr. S.D.N.Y. 2013) (granting motion for leave to file under seal deposition testimony discussing how defendant hedge fund decides "which fund will make an investment" or "how the investment will be structured" because such information "involves the type of strategic decision making that could rightly be categorized as 'commercial information.'"); *Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (permitting redaction of statements that would give competitors "insight into specifics as to the timing, nature, and key players involved in Playtex's product development").

Finally, NYU Langone intends to include draft advertisements that Northwell never ran, has yet to run, or modified before running. Disclosure of Northwell's draft advertisements will harm Northwell's business by providing competitors with draft advertisements to copy, and with confidential insight into the Northwell's advertising development processes. Specifically, disclosure of Northwell's draft advertisements will reveal the changes Northwell made to maximize the impact of the copy. Accordingly, any references to draft Northwell advertisements that Northwell never ran or modified before running should be protected from public disclosure. "Internal documents and unpublished drafts that contain non-public strategies" constitute "'confidential commercial information' under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors." *New York v. Actavis, PLC*, No. 14-cv-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (granting motion to seal projections, alternative plans, future plans, and allocation of promotional budget funds) (citing *Fox News Network v. U.S. Dep't of Treas.*, 739 F.Supp.2d 515, 571 (S.D.N.Y.2010) (withholding draft containing proposed financial and risk reporting strategy)).

* * *

By submitting this joint letter, NYU Langone does not waive its right to challenge Northwell's confidentiality designations of these or any documents produced by Northwell in discovery, and Northwell does not waive its right to object to any such challenge pursuant to the process delineated in the Stipulated Protective Order.

Accordingly, consistent with section 5(b)(ii) of the Court's Individual Practices in Civil Cases, the parties jointly request that the Court permit NYU Langone to publicly file the proposed amended

ReedSmith

The Honorable Valerie E. Caproni
March 22, 2024
Page 4

complaint and redline to the original complaint in a redacted form so as to abide by Northwell's prior confidentiality designations.

Respectfully submitted,

/s/ Natsayi Mawere
Natsayi Mawere
**REED SMITH LLP**
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450

Jennifer Yule DePriest (*pro hac vice*)
10 South Wacker Drive
Chicago, IL 60606-7507
Tel: (312) 207-1000
Fax: (312) 207-6400

Amy M. Kerlin (*pro hac vice*)
225 Fifth Avenue
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063

*Counsel for Plaintiffs NYU Langone Health System and NYU Langone Hospitals*

/s/ Edward H. Rosenthal
Kimberly M. Maynard
Edward H. Rosenthal
Amanda B. Barkin
Cesarina da Parma
**FRANKFURT KURNIT KLEIN & SELZ PC**
28 Liberty Street
New York, NY 10005
Tel: (212) 826-5524
Fax: (347) 438-2114

*Counsel for Defendant Northwell Health, Inc.*

---

Application GRANTED. The need to protect sensitive proprietary information is a countervailing interest that outweighs the presumption of access to judicial documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) and justifies the narrowly tailored redactions in the publicly filed proposed amended complaint at Dkt. 61. The unredacted versions of the proposed amended complaint at Dkt. 59 may remain under seal.

SO ORDERED.

*[signature]*   3/25/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE